May it please the court Jonathan Henderson for defendant appellants As you're no doubt aware of this case has many issues and has been extensively briefed there's over 200 cases cited in the briefing and as a result, I'm going to take kind of a 35,000 foot approach and then come in on some of the issues that I think are worth getting into a little more detail But I don't think I'll have time to address each and every point that was raised in the briefs And I'll do my best what we know that I'll do my best to answer the questions you may have but I'm going to begin with defendants three assignments the first assignment of error by defendants was The decision by the district court to permit the meal break claims or violations to proceed when those claims were only brought up for the first time at summary judgment and Defendants had objected on the grounds that it was unfair and prejudicial and they hadn't received enough notice the district court noted that the Plaintiffs exerted a remarkable effort to hide their theories of the case But nevertheless permitted the claim to proceed. Let me ask you a question Counsel Mr. Regan was there a motion by the plaintiffs to amend their complaint to conform to proof? No Thank you In your view, it's a it's absolutely clear that There's no way to construe the complaint is referring to these claims well The complaint is it is what the district court called a model of scarcity. And so It's open-ended. It's open-ended and What he described what? Judge Mossman described is is as basically a Pandora's box that springs open at trial But as I said nevertheless allowed these to the state and the federal claims to proceed and In addition to the unfair surprise or the prejudice argument defendants argued that there really is no basis under state law for the claims because Plaintiffs are limited in those meal break violations to take the issues apart. Let's start with the surprise Was there really surprised when was it known that Neil breaks were part of the mix? This came up during summary judgment, which was one month by that time at least I mean that the judge ruled in favor of your client on some aspects with regard to not properly putting issues on the table in particular with regard to Those persons and and those claims that were not specified in the summary judgment memorandum So he seemed to be saying look if it was on the table clearly identified as an issue at the time of summary judgment I'll let it go forward and if it wasn't I won't now I take it you like it that he didn't allow the other claims to go forward What's wrong with allowing claims that are on the table by the time of summary judgment from going forward? Well, he he essentially found that that the vague Complaint was sufficient to allow the claims to go forward You knew by the time of summary judgment that meal breaks were at issue. What's wrong with that? There's a month before trial fine What's wrong with that? I? Mean you can amend things if there'd been a motion to amend to conform the complaint to conform to proof That's permitted under the rules So how is it that he's not allowed to grant such a motion at the time of summary judgment a month before trial? Well, it's I guess it's important enough. He didn't grant a motion to amend to conform the but he allowed these claims That's right. Okay. So practically speaking he did for these claims and what was wrong with that? Well Our position was that plaintiffs had Years, I mean many many months to bring this real questions. Were you? Unfairly prejudiced by not knowing until a month before trial and I haven't seen that you were why were you why was your client? Unfairly prejudiced on that issue? Well, we were able to put on evidence to try to rebut those claims So so I guess you weren't so what's the next reason that the overall shouldn't be on the table? The the next said a moment ago that the judge didn't allow a motion to amend was the motion ever made a motion was never Made judge. Why'd you say he didn't allow it? There was no much. There was no motion ever filed. He allowed the claims to go forward based on the Complaint that had been filed. All right, so it's not a matter of the judge Denying a motion to amend. It's a matter of the claims being identified as judge Fairly prejudiced by bringing them up for trial. That's right We had made the argument that it's unfair to bring a new theory in response to a motion for summary judgment The judge looked at the cases on both sides and ultimately decided he's gonna allow those when you made your when you made your argument That it was unfair Did you make any argument that You needed more time to prepare your defense and ask for a continuance no, and our pitch was that There was a pattern of practice of changing theories and that we should Mean, I mean, I mean it was sort of like, you know This is a good thing to do to discipline the plaintiff's counsel for being sloppy or something like that. I Guess I wouldn't say discipline But what we're trying to do is rein them in so we knew what was what? What claims were going to be going forward to try you knew you knew what we did at that we did at that point But that that was like the third or fourth iteration of the claims and we just said enough is enough Did you make a motion for continuance to conduct further discovery to flesh out these claims? We didn't so but the other prong to this argument is that The the claim is simply not supported by state law that the claim That the state law claim for meal break violations The recourse is for plaintiffs to file a complaint with bully Plaintiffs have distinguished the case that we cited on the grounds that those plaintiffs in that case sought Essentially extra pay pay for time that they had not worked that that case involved a class of plaintiffs who alleged they weren't given their rest period breaks and That they were entitled to 20 minutes of extra pay each day for that and the court said that there is no claim for that Well here the the claim is similar enough that it should be that that case law should be followed Here the the essence of the claim is that although we got the 10-minute breaks But that some employees on some occasions Clocked back in earlier than the full 30 minutes and therefore they should be entitled to the 210 minute breaks and a separate 29 minute break all of which should be compensated. So that sounds like a jury argument I mean presumably your client did argue to the jury that the clocking in at 29 minutes was the voluntary act by Plaintiff, that's right. You're rewarded what it awarded But our pitch was just that under the Oregon case law that the claim shouldn't be ever go to the jury should go to bully Based on the on the Oregon case law federal claim the federal claim is premised on the the same set of facts in that It's slightly different than Oregon law But their their pitch is that if there's any time or any meal break that's less than 30 minutes Then it doesn't count as a bona fide meal period and therefore Therefore it's wrong to deduct that time. There's no support for that under a federal case law the case that or Statutes the case that they cited for that proposition is from this court It's the Brennan versus Elmer case in which plaintiffs asserted stands for the proposition that any break Less than 30 minutes under the FLSA is not a bona fide meal break that case doesn't say that It's nowhere in that opinion in that case the employers encouraged the employees to work through their lunch breaks the employees worked through their lunch breaks and the Employers still deducted a half-hour time every day and the court said in order to be bona fide meal break You have to be relieved of your duties. They weren't relieved of their duties It was wrong to deduct that time in our case There there was no evidence that the employees were required to work during the time that they had clocked out for their meal break It was only that they had sometimes clocked back in less than the full 30 minutes has expired. We've cited sources in our brief from federal agencies in which They said that a meal period less than 30 minutes is sufficient to constitute a bona fide meal period under FLSA and in one instance, I think believe it was in the Sixth Circuit They held that a 20 minute meal period was sufficient to constitute a bona fide meal period. So our position is that these claims under the FL the FLSA were simply that they didn't meet the burden and that that the claim should have never went forward because the evidence was that Was that these one minute or two minute or three minutes early clock ends were not just not actionable under the case law the FLSA involving the FLSA You're not required to pay literally every single minute of Time that was worked and so these de minimis these one and two minute Shortened meal periods don't then become rest periods or Lose the status of bona fide meal periods such that they're actionable Let me focus your attention on a different issue that I You may not get to Unless I ask you to speak to it and it has to do with one of the decisions of the district court in Your clients favor with regard to the non testifying plaintiffs And my question is what what was the prejudice or what would have been the prejudice to your client if those claims had been permitted to go to the jury because under circumstances where those individuals were not present to testify Well, the prejudice would be the the ability the inability to cross-examine the witnesses and to permit the jury and to judge the truthfulness or the Judge think the The witnesses testimony. Well, the jury doesn't have to judge your truthfulness if they don't testify Sure, I guess enough. Well, you know that the underlying issue is Is there some rule that says in a civil case the plaintiff has to be in court No, but I mean that rule. No, I can't say that the basis of the district court's decision District court exercises its discretion and held that if that in in two instances the discretion come from The discretion to to conduct or to control the proceedings in the in the judge's courtroom But what's the justification for in effect extinguishing claims? It wasn't simply that some evidence wasn't permitted to be submitted. The claims weren't didn't go to the jury That's not simply controlling evidence. The district court had earlier ruled that it would not permit This same group of plaintiffs to testify. I believe is via telephone fine. There's no test of Testimony from those plaintiffs. What's the but but there was factual information regarding Payments to them and hours and so forth why is it that evidence couldn't have been submitted to the jury as Proof of whatever claim plaintiffs had what was missing that defendants didn't have the opportunity to examine them about well The same information that was elicited on cross-examination with regard to some of the witnesses that were there for instance That they were required that nobody told them they were supposed to did you have the opportunity to take your depositions? We did and you can use a party's deposition for any purpose, right? You could have just introduced a deposition testimony if you thought you had something favorable I don't understand the basis of the district court's decision to say you can't present your claim. I Well the It's true that the effect was to take away the claims because they weren't there to testify But the but the ruling was you've got to be here to testify or else. I'm not gonna allow you to proceed Well, that's exactly the same thing. Yeah, that's the same So if he doesn't have the right to decide well, I don't like this claims was not going to the jury I mean, it's got to be a legal basis for it. And if there's no requirement for plaintiff to be there What exactly is the insufficiency of proof? I mean the theory of it is that there's not sufficient proof to go to the jury But why isn't the record enough to say that these people work these hours and weren't paid this money? well, the distinction we made I guess in the case law that's been cited is Is that in if you look at the cases of said by plaintiff in most of those cases? They're involved there were hundreds and in some instances thousands of employees And in those cases there was a there was a pattern or systemic practice that was identified And so for instance if it was a case in which the employees said It's a practice here that we all work more than 40 regular hours during the week and that as a practice None of us ever get paid time and a half for the hours that are over 40 hours a week And we can establish that through the records That's not what happened here All these plaintiffs had different claims which were constantly changing and their theories were constantly changing throughout the case And so just a matter of proof if they can't put on their proof they can't put on their proof But that's not reason to deny them the opportunity to put their proof on Well, I guess our position is that it was within the discretion of the of the trial court and and that It wasn't it was not an abuse of discretion I'm gonna not get into the lodestar Stuff because I've addressed the issue that the attorney fee award was attached to the FLSA Claim our position is that claim should have never gone forward or that it fails under the federal case law because It's simply not an actionable claim under the FLSA I think the other I think the other point you raise on your appeal Has to do with the late payments right or the late paychecks Didn't you appeal that ruling? We did not appeal that piece the other piece to our the other assignment for from the defendants was the failure of the trial court to make Findings regarding the sanctions that the discovery sanctions that were issued against Defendants and there were no findings, right? There were no findings. And so did he say something that gave a hint? No, there was just minute to terse minute orders granting Much doubt from the record that in fact defendants hadn't responded on a very prompt basis to discover requests there. There is Evidence on the record that may support a sad record that went through four or five different iterations of a response That's right. Well, is it really hard to figure out what it was? The district court was trying to sanction? Well, the Fairly modest sanctions at that Well, our position was that that it's an attorney fee Sanction and that we should have been a permitted to at least challenge the reasonableness or the amount of the attorney fees $9,000 well for a series of discovery problems. You don't think attorneys fees would exceed $9,000. Well the No No, I'm not I'm not I'm not arguing they have a look they got their attorneys fees elsewhere But well, this is this is why this this Sanction issue is compounded because later the trial court accepted what it had found during the sanction proceedings without Being challenged regarding the reasonableness of the fees charged, but it didn't make any findings. It didn't make any findings It just how can it accept the findings that were not made? Well implicit implicit in in granting the award of attorney fees Is that it had to necessarily find that they were reasonable early the amount charged was reasonable and that it later Later when it had awarded fees, it simply went forward with those with those amounts and and so our position was well We've got a chance to challenge that And there's nothing on the record that that for you to review so You have a little more than three minutes left if you want to sure I do want to save I want to save some Time for rebuttal if you don't mind save this or whatever fraction you want. I'll save this amount of time. Okay. Thanks judge May Please the court. My name is John Egan. I'm here on behalf of the plaintiff employees in this case. I want to start off Judge Baya by saying that the plaintiffs did move in the alternative in their summary judgment materials to amend to conform To the evidence that had been submitted in support of the summary judgment exhibits should that should the judge view that as required We did move in the alternative. How do you mean move in the alternative? I move for summary judgment or I move to amend my second amendment complaint. Well, could you give me a page citation on that? I can The defendants move for summary judgment Partially because on the on the things that had been brought up for the first time in writing At the summary judgment because they had been brought up for the first time and so plaintiffs told the judge If you think that that's mess If you think that it's necessary that these appear in the complaint We move in the alternative to add them to the complaint But we don't think that it's necessary to have them appear in the complaint and the judge Accepted that argument so it wasn't necessary to but I did want to let you know that we did move in the alternative to Amend the complaint I can I think that would be document 142. I don't believe it's in the excerpt of record But it would have been docket number 142 in the underlying case Okay What is the doc document 142 oh, that's plaintiff's reply in support of their motion for summary judgment There were joint briefings on both sides to cover both sides Some reason was that you offered as an alternative in that pleading to move to amend And the judge said that won't be necessary The judge denied the defendant's summary judgment based on their claim of surprise He said that it's While it may not be common It's at least acceptable to present new theories and by the way, this wasn't a new theory at summary judgment But he said even if it had been it's acceptable to present new theories on summary judgment And so I don't view it as necessary to amend the complaint assuming what you say. He said it was not necessary. Yes And do you have a transcript citation to that not to the page but that was transcribed September 30th 2010 or September 3rd, excuse me was the summary judgment hearing September 3rd 2010 You know, it really would be helpful if you were to give us the citations to the Clerk's time looking at what you should cite to us Sure, I can have I can send that to you in a 28-day letter. Okay. Now you give me a citation. We'll look at it Go ahead. Okay. I Thought that I would spend my time addressing the plaintiff's assignment of error unless the court has questions regarding the defendants First I would like to point out the Biggs issue it was Brought to the trial courts attention that in the Ninth Circuit and almost every other circuit certainly all of the 81 courts that have interpreted Biggs that it holds that minimum wages are not paid if they're not paid on payday and that Employees are entitled to liquid damage liquidated damages under the FLSA Whether the underlying paycheck is paid later or not The right to liquidated damage is accrued on payday when minimum wage is not paid and that goes for overtime as well Both of those findings are explicit in the Biggs opinion and that was pointed out to the trial court and he Rejected that opinion So I think that it's clear under all of the authority that what kind of well What kind of damage did you get for late payment? Like these are like a day late, right? Day or two or four but liquidated damages accrue On the on payday if the minimum wage is not paid Would be the amount of the minimum wage times the number of hours the employee worked during that pay period Or for for each day of lateness or what no no just ever it's it's a set you mean a single penalty for being late Correct. That's the liquid under the What case that's under the Biggs versus Wilson case. Yeah. Yeah And it's it's section 206 and 207 of the FLSA, you know, you also had a similar claim under state law, right? correct, and that specific issue hasn't been decided under state law, but the ingredients ingredients are all there the Smurfett case that we cited in our materials said that in pre-judgment interest starts running on state law punitive damages awards under the penalty wage statute Starting 31 days after the payday and For the same reason statute of limitations starts running on the payday because that's the day that they're due What about the Herger case the Herger case? specifically said It was addressing two different due dates under Oregon's final pay statute and Wages are due to an employee on either day of or the day after their termination That's different than the due dates for minimum wage and overtime, which is on the regular payday Herger specifically carved out our case by saying that we're not addressing and it may be that in certain cases What's late for one statute may also be late for the other statute well, it said the statute at issue there wasn't part of the Statute designed to implement minimum wage. Why is the statute here part of the minimum wage? scheme as opposed to Late payment scheme. Well, this is the minimum wage scheme. I mean, we're alleging that arguing it is but why is What is it about late payment for a terminated employee that's particularly different from late payment for a currently? That's the Oregon legislature in or s 652 point 140 and 145 has said that employees should get their final paychecks right away For whatever reason the Oregon legislature has viewed that as important It says that people need the minimum wage and overtime on payday When an employee is terminated all of their wages are due By either the day after or five days after depending if they're terminated or if they quit If you're covered by the federal statute, does it matter whether there's an Oregon law provision? It does because there's different penalties the purpose of FLS at both. Yes, you can under under Oregon state law You can get both Oregon Statute Oregon penalties are viewed as punitive and FLSA liquidated damages are viewed as Compensatory to the employee for not having got their money on time So because they have two different purposes all the Oregon district judges have ruled That you can award both federal and state penalties Now If we can switch a little bit in addition to barring all claims of these Plains, you know who didn't appear in the trial court? the judge also barred certain claims From other planes, right? It's correct. And and the basis of that was what that ruling he said that it was Basically an unfair surprise type of argument The defendants in this case never submitted interrogatories the parties waived initial disclosures Or just meant when he said it was unfair surprise was that in response to motion made by the defendants It was their motion in limine just prior to the trial. They were to Exclude any evidence that hadn't been contained in the summary judgment memorandum and all I see you're taking a position that was there All right. Yes. All right. Tell me why because the plaintiffs Responded to every request that the defendants made This case law in the night every request isn't the same as articulating a claim. I mean the complaint was I'll say say open-ended it was District judge in effect looked at the summary judgments that okay, that's the gonna be the articulation of what's allowed and what's not and He allowed you to pursue the meal break claim, even though there was nothing specifically articulated about that before But he didn't allow you to come up with a whatever else you could glean from the data afterwards and what's wrong with that Decision. Well, it wasn't afterwards In our summary judgment memorandum We set out the different types of theories under which the plaintiffs had been unpaid and we put out one or two specific Examples to walk the judge through the application of the law to the particular time and pay records as to how you figure this out Given the records that we've given and then my declaration submitted in support of a plaintiff's motion for summary judgment Had all of the spreadsheets laying out for every particular day and every particular week and pay period These are all the violations for this day in pain. We're looking at the spreadsheets. I Don't know that it's unfair to say gee defendants can't be expected to figure out from the spreadsheets exactly what? Claims are being articulated It sounds to me like you're responding by saying you did say in your summary judgment memorandum What claims were being pursued? Well, what is it that the district court excluded that met the tests that he appeared to be applying? so for example, one of our claims was that The defendants changed their work week the day upon which their work week started several times during the plaintiff's employment And that has overtime implications under both state and federal law We we stated one such example in the text of our summary judgment memorandum The other examples were contained in the spreadsheets He said that we could only put before the jury the specific date that we had mentioned in the summary judgment Memorandum and not the ones that were contained in the spreadsheets because we hadn't drawn enough attention to them So that the defendants would know that those specific violations were at issue There was no, you know, I'll call it like a Like a comprehensive of pretrial proceedings where you laid out all your contentions and so forth. There was and Were these claims? contained in your pretrial statement, absolutely and when did the core court make the ruling barring you from He said pursuing those claims he said in response to the defendants motion in limine He said that well the motion limine was made win after the pretrial call at the same pretrial conference at the pretrial come. All right They fouled the pleadings of head of time, but the ruling was made at a pretrial conference several days before trial And so it's plaintiff's position that And the basis of the ruling was that what? It was a prize the defendants were claiming unfair surprise We should point out that under Ninth Circuit and District of Oregon law, there's no requirement to specifically list theories or dates of violations in the complaint The case law is pretty specific that that's left up to discovery To discover those sorts of things and the defendants never Asked any questions except on the eve of summary judgment and plaintiffs answered all of those questions with their exhibits Which get with a rounding claim is really the only way you can answer those questions. You know, they say tell us which weeks And and how and what are the amounts of each of the types of violations at issue? When you're dealing with a rounding claim, which we were at that point before the judge dismissed the grounding claim at summary judgment Every the time of every day how much time each plaintiff works is Different every day and you have to list them out by day to give the defendant all of the information that they're asking for So that's what we did. I mean, there's and we summarize them by week by pay period and by plaintiff In terms of the totals of each of the kinds of damages that we were asking for So on the spreadsheet, but not on the motion summary judgment, correct? Yeah I think your honors hit the nail on the head with the non-testifying employees. I don't think there's any what what evidence was Had been submitted by the time the plaintiff's case-in-chief closed as to those employees. We try all of the Every plaintiff testifying and non-testifying had had their time and pay records priest pre-submitted pre-authenticated and pre-admitted As exhibits before the first day of trial Everyone's time and pay records had an exhibit number And as far as plaintiffs knew what we're going to be able to go to the jury, that's how we argued Joey Law's Claims she was the one who was in Hong Kong. She didn't testify and the judge allowed us to argue to the jury Here here the four dates upon which we're alleging. She had unpaid meal claims. Look at the records Here's the pages in the records that show those and the jury was able to go through and figure it out and confirm Yes Those were those violations did happen that each of each of the types of violations and the patterns and practices Of the company were provable by the representative evidence of the 19 plaintiffs who did testify So they knew the types of violations that happened They knew about how they happened and and how to figure it out from the records All they would have had to do has been allowed access to those records. The judge did not send those records back to the jury Because he dismissed their claims instead, but those were the records that were that were already in in evidence before the trial began You got about five minutes left. You know, you want you want to say something about Didn't you appeal the the amount of the attorneys fees? I did There are two issues there. One is the denial of attorney fees under Oregon state law on the on the basis that plaintiffs that plaintiffs counsel The judge found that plaintiffs counsel unreasonably failed to give written notice of the wage claim to the defendants before the litigation Lauren Rother gave pre-litigation notice of her claim. What did her notice say? It said please pay me all that you owe me at the before the litigation began specific, isn't it? I mean, how is how is the defendant supposed to react to that? Well, it's supposed to call me I mean that was what I said in my letter as well. I also wrote a letter to the defendants asked I call a question would be okay What do you say we owe and then and what I said was oh right now all we know about is her final paycheck I can give you a to-the-penny figure on how much you owe if you'll give me her time and pay records and I'm willing to work with you to come up with a number They refused to give me those time and pay records before the time passed between the letter and the lawsuit Between her first letter was on January 15th My letter was on January 21st my follow-up letter saying, you know That you've refused to give me these records was on January 31st And the case was filed on February 7th when we didn't hear back anything This is this is not like the Belknap case where the plaintiffs were actively hiding the ball and Denying requests by the defendant for information This is the opposite of that case where the plaintiffs were actively seeking the documents upon which to give a to-the-penny Estimate of settlement figure and the defendants were denying them access to those records, which is how they would have figured it out And so that's the denial of attorney fees under state law the trial judge also double reduced the attorney fees under federal law by removing hours from the lodestar that he that that plaintiffs had conceded had been spent on either plaintiffs that had been dismissed or Claims that had been dismissed and he accepted that reduction and then he applied a further 40% reduction for the same Alleged lack of success on the claims and so that's a double reduction case law is clear that if a Reason for reduction is already subsumed within the lodestar You're not supposed to blood star reduction was relatively modest and the number of hours taken out weren't very great that's how he could have skipped that and Applied the second reduction because there is a pretty substantial difference between the four hundred and some odd dollars that were awarded and The well over two hundred thousand dollars in attorneys fees that were claimed Well, he could have but he didn't he accepted the plaintiffs proposed reduction and then he maybe he said that's not enough I mean, I you have many cases that support a quarter million dollars in fees for $400 of damages when there's no other injunctive relief involved There's lots of cases that say especially in FLSA cases and other fee shifting cases The size of the fees is primarily determined by the choices that the defendant makes throughout the litigation not the plaintiff the size of the affected by the choices of what claims that are unsuccessful that are pursued and Depending on how we resolve some of these other issues a substantial number of claims that were pursued were unsuccessful I don't know that the the plaintiff's voluntary reduction fairly reflects the amount of lack of success He could have found that but what he did was he came to a final lodestar figure and say I view this as the Reasonable hours that it took to come to this result and then he further reduced that for a lack of success What's your position on? hypothetically for instance if you Prevail on any of the other claims. Does that require the vacation of the attorney's fees award? So because they have to be because they should be recomputed. No Because there's overlap There were lots of lots of work that went into this case that would have had to been put in Whether the plaintiffs had only been successful on the claims that they asserted that they won on or whether the other claims So in other words, that's why the there was not much that ended up being taken out both by plaintiff's suggestion and by the judges Except I don't think you get my question. I mean for instance hypothetically suppose Suppose you were to prevail on your claim that the district court erred in excluding the seven You know claims of the seven planes were absent, right? Yes, then does that require the Attorney's fees award to be vacated because you should get more money for that No, we would we would apply for supplemental fees for it would be a separate award. Yes You would only need to vacate the current attorney fee award if you were to grant any of defendants assignments of error I've got limited time left. What I would like to suggest is that under the Ninth Circuit the Standard for reassignment to a new district judge upon remand is that the district judge may have difficulty setting aside the findings and opinions that they've expressed up to date if on remand if any of the things are reversed and we suggest that the district judges ignoring current Ninth Circuit law Is a basis for that in the case law supports that as well Is that something you mentioned in your brief? No, your honor, it's not Did you learn anything different about the district judge's treatment of this case since you filed your briefs No, that was it's just an out of your hand. Well, it's not it's not a motion. It's it's just a suggestion I think it can only be done sui sponte Well party suggested a lot I'm Not prepared to address the last issue brought up I haven't looked at the case law or the rules or It's a surprise to me so I'm going to address quickly here are some of the things that counsel addressed first the pre-litigation notice issue We've briefed this fairly extensively, but the the statute or the notice required by state law for attorney's fees Yes as the penalty under ORS 652150 Our position obviously is that just sending a letter that simply says you owe me And a name is not sufficient. The statutes are remedial statutes. They're they're Designed to prevent litigation and that that notice is simply not enough but if I understood counsel that was on the 15th of January and He wrote another letter saying that if you tell me how many hours she worked I'll tell you how much she's claiming and then you didn't follow up and tell her those We didn't follow up quickly enough is what I guess what is his well, that's on the 21st and they filed Three weeks later on the 7th of February. That's right In that period of time, he didn't say anything about well That's right. The statute doesn't require the defense to The employer to go through this exercise. It requires the yeah, but he's telling you he couldn't tell you how much she's claiming Until he knew the amount of hours She worked I mean what you're saying is she ought to have her own records of how many hours she worked Well, at least identify a theory Such that I didn't get my overtime or you didn't give me my check soon enough or just something Something on there. So we at least somebody doing in response to her letter. What's that? What did the company do in response to her letter? Well, it hired an attorney and But I was there any effort on the part of the company to try to figure out okay, what's the problem? Presumably they knew about the last paycheck not being there was an effort It's not in the record, but it as I understand it the the argument is that it wasn't prompt enough It wasn't a quick enough effort To identify what it is that that they're looking for and to provide records for that It's our position is simply that if you just say look you gave me my last check too late or you You didn't give me overtime or something. He did ask you to give her to give him the hours she worked That's right Can you be a precise on what? More the notice should have contained at least identify the theory I don't think that's too onerous for an employee to say look I you know I was terminated or I quit on this day and I didn't get my paycheck for a certain amount of time or There are certain days which if you could send me the records I can identify I can identify which days that you didn't pay me for just something other than you owe me And so There's no case law in Oregon on that issue. I'd submit that something more is needed than that. So I'm running out of time here on the bigs issue. There's you have run out of time. What's that red light? Oh, the number is a negative. I did exactly what you want me not to do now, but not much So we'll excuse this deficit. Thanks judge case to start We thank both counsel for your helpful arguments that moves the calendar for today. We're adjourned
judges: Tashima, Clifton, Bea